ORIGINAL

1  WALTER K. OETZELL (State Bar No. 109769)
   WOetzell@dgdk.com
2  DANNING, GILL, DIAMOND & KOLLITZ, LLP
   2029 Century Park East, Third Floor
3  Los Angeles, California 90067-2904
   Telephone: (310) 277-0077
4  Facsimile: (310) 277-5735

5  Attorneys for Plaintiff, Richard K. Diamond,
   as Chapter 7 Trustee

6

7

```
FILED
AUG 23 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
                        Deputy Clerk
```

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                  **LOS ANGELES DIVISION**

| | | |
|---|---|---|
| 11 | In re ) | Case No. 2-08-bk-23318-SB |
| 12 | CENTURY CITY DOCTORS HOSPITAL, LLC, ) | Chapter 7 |
| 13 | Debtor. ) | |
| 14 | RICHARD K. DIAMOND, as Chapter 7 Trustee, ) | Adv. No. 2:10-ap-01941-SB |
| 15 | Plaintiff, ) | **FIRST AMENDED COMPLAINT TO AVOID AND RECOVER VALUE OF** |
| 16 | ) | **PREFERENTIAL TRANSFERS AND FRAUDULENT TRANSFERS** |
| 17 | vs. ) | |
| 18 | SYNTHES USA SALES, LLC, ) | Date: |
| 19 | Defendant. ) | Time: |
| 20 | ) | Place: |

21  Plaintiff alleges:

22          **JURISDICTION AND ADVERSARY PROCEEDING**

23          1.      The above-captioned Bankruptcy Case for Century City Doctors Hospital, LLC, as

24  Chapter 7 debtor (the "Debtor") was commenced on August 22, 2008 (the "Petition Date"), when

25  the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code

26  (the "Bankruptcy Code").

27          2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

28  §§ 157 and 1334.

357689.1 [XP]        0823318A

1    3.    This action is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001.

2    4.    This action is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (F), (H) and (O).

3                                **THE PARTIES**

4    5.    Plaintiff is Richard K. Diamond, as the Chapter 7 Trustee serving in the Bankruptcy

5 Case ("Plaintiff" or Trustee").

6    6.    Plaintiff brings this action solely in his capacity as Chapter 7 trustee for the Debtor's

7 Bankruptcy Estate.

8    7.    Plaintiff is informed and believes and, based thereon, alleges that Defendant Synthes

9 USA Sales, LLC (the "Defendant") is, and at all times relevant herein was, a corporation doing

10 business in the State of California.

11                            **GENERAL ALLEGATIONS**

12    8.    Section 101(54) of the Bankruptcy Code applicable to this adversary proceeding

13 defines the term "transfer" as, "every mode, direct or indirect, absolute or conditional, voluntary or

14 involuntary, of disposing of or parting with property or with an interest in property, including

15 retention of title as a security interest and foreclosure of the debtor's equity of redemption."

16    9.    Plaintiff is informed and believes, and based thereon alleges, there exist in this case

17 one or more creditors holding unsecured claims allowable under § 502 of the Code or that are not

18 allowable only under § 502(e), that could avoid the alleged transfers under applicable California

19 law.

20    10.    Plaintiff is informed and believes and, based thereon, alleges, that during the four

21 years immediately prior to the Petition Date the Debtor made transfers of funds to the Defendant in

22 an aggregate amount exceeding $215,863.96 (jointly and severally, the "Subject Transfers").

23                         **FIRST CLAIM FOR RELIEF**

24                    (To Avoid and Recover Preferential Transfers)

25                          (11 U.S.C. §§ 547 and 550)

26    11.    Plaintiff incorporates, by this reference, the allegations in Paragraphs 1 through 10,

27 inclusive, of this Complaint.

28 ///

-2-

357689.1 [XP]    0823318A

1      12.    Plaintiff is informed and believes and, based thereon, alleges that each of the

2  Subject Transfers was made on or within 90 days prior to the Petition Date (jointly and severally,

3  the "Subject Transfers") including but not limited to, the transfers identified in Exhibit "1" attached

4  hereto and incorporated herein by this reference, constitutes a transfer or transfers to the Defendant

5  of an interest of the Debtor in property.

6      13.    Plaintiff is informed and believes and, based thereon, alleges that each of the

7  Subject Transfers was made to or for the benefit of the Defendant as a creditor of the Debtor.

8      14.    Plaintiff is informed and believes and, based thereon, alleges that each of the

9  Subject Transfers was made for or on account of an antecedent debt owing by the Debtor to the

10  Defendant before such Subject Transfers was made.

11      15.    Plaintiff is informed and believes and, based thereon, alleges that the Debtor made

12  each of the Subject Transfers while the Debtor was insolvent.

13      16.    Plaintiff is informed and believes and, based thereon, alleges that each of the

14  Subject Transfers was made on or within 90 days prior to the Petition Date.

15      17.    Plaintiff is informed and believes and, based thereon, alleges that the Subject

16  Transfers enabled the Defendant to receive more than the Defendant would receive if the Subject

17  Transfers had not been made and the Defendant received payment on its claim to the extent

18  provided by Chapter 7 of the Bankruptcy Code.

19      18.    Pursuant to Section 547(b) of the Bankruptcy Code, Plaintiff may avoid the Subject

20  Transfers.

21      19.    Pursuant to Section 550 of the Bankruptcy Code, Plaintiff may recover from the

22  Defendant the value of the property which was the subject of the Subject Transfers to the

23  Defendant, plus interest thereon at the maximum legal rate from and after the date of each of the

24  Subject Transfers, in a sum according to proof, which Plaintiff believes to be not less than

25  $215,863.96.

26  ///

27  ///

28  ///

357689.1 [XP]    0823318A

## SECOND CLAIM FOR RELIEF

(For Avoidance and Recovery of Fraudulent Transfers)

20.     Plaintiff refers to and incorporates herein, by this reference, each and every allegation contained in Paragraphs 1 through 10, inclusive, of this Complaint as though fully set forth herein.

21.     Plaintiff is informed and believes and, based thereon, alleges that the Debtor made the Subject Transfers to the Defendant with the actual intent to hinder, delay, or defraud one or more of the Debtor's creditors.

22.     Pursuant to 11 U.S.C. §§ 544, 548, 550, California Civil Code §§ 3439.04(a) and 3439.07, and/or other applicable law, Plaintiff is entitled to avoid and recover the value of the Subject Transfers from the Defendant.

23.     Pursuant to 11 U.S.C. § 550, Plaintiff is entitled to recover from the Defendant the value of property transferred by the Subject Transfers, in a sum according to proof, which Plaintiff believes to be not less than $215,863.96, plus interest thereon as allowed by law.

## THIRD CLAIM FOR RELIEF

(For Avoidance and Recovery of Fraudulent Transfers)

24.     Plaintiff refers to and incorporates herein, by this reference, each and every allegation contained in Paragraphs 1 through 10, inclusive, of this Complaint as though fully set forth herein.

25.     Plaintiff is informed and believes and, based thereon, alleges that the Debtor made the Subject Transfers to the Defendant without receiving reasonably equivalent value in exchange for the Subject Transfers.

26.     Plaintiff is informed and believes and, based thereon, alleges that the Subject Transfers occurred at times when the Debtor was insolvent or the Debtor became insolvent as a result of the Subject Transfers.

27.     Pursuant to 11 U.S.C. §§ 544, 548, 550, California Civil Code §§ 3439.05 and 3439.07, and/or other applicable laws, Plaintiff is entitled to avoid the Subject Transfers and recover the value of the Subject Transfers from the Defendant.

-4-

357689.1 [XP]     0823318A

1    28.    Pursuant to 11 U.S.C. § 550, Plaintiff is entitled to recover from the Defendant the

2    value of the property transferred by the Subject Transfers, in a sum according to proof, which

3    Plaintiff believes to be not less than $215,863.96, plus interest thereon as allowed by law.

4                          **FOURTH CLAIM FOR RELIEF**

5                    (For Avoidance and Recovery of Fraudulent Transfers)

6    29.    Plaintiff refers to and incorporates herein, by this reference each and every

7    allegation contained in Paragraphs 1 through 10, inclusive, and Paragraphs 24 through 28,

8    inclusive, of this Complaint, as though fully set forth herein.

9    30.    Plaintiff is informed and believes and, based thereon, alleges that the Subject

10   Transfers occurred at times when the Debtor was engaged or was about to engage in a business or a

11   transaction for which the remaining assets of the Debtor were unreasonably small in relation to the

12   business or transaction.

13   31.    Pursuant to 11 U.S.C. §§ 544, 548, 550, California Civil Code §§ 3439.04(a) and

14   3439.07, and/or other applicable law, Plaintiff is entitled to avoid and recover the value of the

15   Subject Transfers from the Defendant.

16   32.    Pursuant to 11 U.S.C. § 550, Plaintiff is entitled to recover from the Defendant the

17   value of the property transferred by the Subject Transfers, in a sum according to proof, which

18   Plaintiff believes to be not less than $215,863.96, plus interest thereon as allowed by law.

19                          **FIFTH CLAIM FOR RELIEF**

20                    (For Avoidance and Recovery of Fraudulent Transfers)

21   33.    Plaintiff refers to and incorporates herein, by this reference, each and every

22   allegation contained in Paragraphs 1 through 10, inclusive, and Paragraphs 24 through 32,

23   inclusive, of this Complaint, as though fully set forth herein.

24   34.    Plaintiff is informed and believes and, based thereon, alleges that at the time of the

25   Subject Transfers the Debtor intended to incur, or believed or reasonably should have believed, that

26   the Debtor would incur, debts beyond the Debtor's ability to pay as they became due.

27   ///

28   ///

357689.1 [XP]     0823318A

35.     Pursuant to 11 U.S.C. §§ 544, 548, 550, California Civil Code §§ 3439.04(a) and 3439.07, and/or other applicable law, Plaintiff is entitled to avoid the Subject Transfers and recover the value of the Subject Transfers from the Defendant.

36.     Pursuant to 11 U.S.C. § 550, Plaintiff is entitled to recover from the Defendant the value of the property transferred by the Subject Transfers, in a sum according to proof, which Plaintiff believes to be not less than $215,863.96, plus interest thereon as allowed by law.

WHEREFORE, the Trustee prays for judgment as follows:

**ON THE FIRST CLAIM FOR RELIEF:**

1.     For judgment in favor of the Plaintiff and against the Defendant avoiding the Subject Transfers and awarding the Plaintiff the sum, according to proof at trial, of not less than $215,863.96;

2.     For an award of interest at the legal rate on all damages and sums awarded to Plaintiff from the date of the respective Subject Transfers.

**ON THE SECOND THROUGH FIFTH CLAIMS FOR RELIEF AND EACH OF THEM:**

1.     For judgment in favor of the Plaintiff and against the Defendant avoiding the Subject Transfers and awarding the Plaintiff the sum, according to proof at trial, of not less than $215,863.96;

2.     For an award of interest at the legal rate on all damages and sums awarded to Plaintiff from the date of the respective Subject Transfers.

///
///
///
///
///
///
///
///

-6-

**ON EACH AND ALL CLAIMS FOR RELIEF:**

    1.     For costs of suit incurred; and,

    2.     For such other and further relief as the Court deems just and proper.

Dated:  August 13, 2010                   DANNING, GILL, DIAMOND & KOLLITZ, LLP


By: _____ /s/ Walter K. Oetzell _____
Walter K. Oetzell
Attorneys for Plaintiff Richard K. Diamond, as
Chapter 7 Trustee

-7-

357689.1 [XP]    0823318A

# EXHIBIT "1"

**Century City Doctor's Hospital**

| Payee | Reference Number | Issue Date | Clear Date | Preference Amount |
|---|---|---|---|---|
| Synthes USA | wire | 05/29/08 | 05/29/08 | 40,376.90 |
| 1302 Wrights Lane East | wire | 06/09/08 | 06/09/08 | 3,179.25 |
| West Chester, PA  19380 | wire | 06/13/08 | 06/13/08 | 9,845.00 |
| | wire | 06/18/08 | 06/18/08 | 23,492.50 |
| | wire | 06/20/08 | 06/20/08 | 5,095.00 |
| | wire | 07/17/08 | 07/17/08 | 15,000.00 |
| | wire | 07/28/08 | 07/28/08 | 25,509.50 |
| | wire | 07/31/08 | 07/31/08 | 25,708.40 |
| | wire | 07/31/08 | 07/31/08 | 2,172.50 |
| | wire | 07/31/08 | 07/31/08 | 11,010.66 |
| | wire | 08/06/08 | 08/06/08 | 24,000.00 |
| | wire | 08/08/08 | 08/08/08 | 10,474.25 |
| | wire | 08/14/08 | 08/14/08 | 20,000.00 |
| TOTAL | | | | 215,863.96 |

Doc#: 7j9#01!.XLS

EXHIBIT

T

18